UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **JEREMY MORRIS,** | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | 7:23-cv-1181 |
| **UNIVERSITY OF NORTH CAROLINA at WILMINGTON,** | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Jeremy Morris ("Plaintiff"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant University of North Carolina at Wilmington ("Defendant" or "UNCW"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III-IV of this Complaint, which arise out of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX").

3. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within New Hanover County, North Carolina.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Plaintiff exhausted his administrative remedies in this matter by filing a complaint with

the Equal Employment Opportunity Commission, receiving a Notice of Right to Sue, and then initiating this action within the prescribed time period.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Illinois.

7. Defendant part of the public university system for the State of North Carolina.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its General Counsel, Mr. John P. Scherer II, located at 601 South College Road, Alderman Hall, Ste 207, Wilmington, NC 28403.

9. At all times relevant to this matter, Defendant received federal funding grants.

10. Defendant is subject to Title IX and Title VII.

## III. FACTUAL ALLEGATIONS

11. Plaintiff received his undergraduate degree and MFA from Defendant in 2011 and 2014, respectively.

12. Plaintiff began working for Defendant as an adjunct professor in August 2021.

13. In January 2022, Plaintiff was hired as a Student Success Advisor.

14. Unlike the adjunct professor position, an academic advisor at Defendant receives health insurance, retirement benefits, and paid time off.

15. On or around March 9, 2022, Plaintiff's supervisor, Ms. Sarah Smith, called him into her office and told Plaintiff that his attire was "unprofessional," "inappropriate," and "embarrassing."

16. When Ms. Smith made that comment, Plaintiff was wearing a clean and unwrinkled white dress shirt, a tie, a vest, dress pants, and dress shoes.

17. Ms. Smith also said that Plaintiff shows too much of his chest and ankles, and that he

should trim or cover up his chest hair.

18. Up to that point, Plaintiff had only received positive feedback from co-workers and other individuals regarding his appearance at work.

19. Defendant maintained a relaxed, business casual dress code.

20. Plaintiff regularly wore a suit and tie.

21. All of Plaintiff's work clothes covered his body appropriately, including his chest and ankles.

22. Plaintiff was the only male under Ms. Smith's supervision.

23. The office Plaintiff worked in included nine (9) women, all of whom wore clothing that showed more skin than Plaintiff.

24. This included open-toed shoes, capri pants, and v-neck shirts.

25. Plaintiff did not observe and has not otherwise become aware of Ms. Smith making any derogatory comments to any of the women regarding their dress or appearance.

26. On March 10, 2022, Plaintiff sent an email to Ms. Christine Vion, a Human Resources (HR) representative, stating that he wanted to speak because he believed Ms. Smith's comments were discriminatory based on gender.

27. The next day, Plaintiff met with Ms. Vion and explained why he believed Ms. Smith's comments were discriminatory.

28. Ms. Vion informed Plaintiff that Ms. Smith previously told her that another employee, Dr. Keryn Vickers, said that Plaintiff needed to button up his shirt.

29. Based on this comment, it is Plaintiff's understanding that Ms. Vion contacted Ms. Smith after Plaintiff sent his March 10 email to discuss Plaintiff's complaint.

30. Plaintiff spoke with Dr. Vickers after the meeting with Ms. Vion, and he denied saying

anything negative about Mr. Morris's attire.

31. In an email to Plaintiff, Dr. Vickers wrote: "the ONLY comment I made about your attire was that I liked your suit jacket and jokingly mentioned that I would like to borrow it sometime. Sorry if my kindness caused some issues."

32. On March 11, 2022, Plaintiff forwarded Dr. Vickers's email to Ms. Vion and another HR employee, Ms. Elaine Doell.

33. On March 22, 2022, Mr. Morris submitted a formal complaint of gender discrimination to Defendant's HR department.

34. Plaintiff's complaint was first sent by email to Ms. Doell, Ms. Vion, Ms. Kimberly McLaughlin-Smith, and Ms. Angel Longino.

35. Approximately an hour later, Mr. Morris filed a complaint through Defendant's internal reporting system, which sent notices to Ms. Amber Grove, Director of Title IX, and other administrators for Defendant.

36. Several hours later, Ms. Smith terminated Plaintiff.

37. Ms. Smith alleged he was not a "good fit" for the position.

38. Other than the meeting on March 9, neither Ms. Smith nor anyone else at Defendant indicated that Mr. Morris was not meeting performance or professionalism standards.

39. Defendant typically engages in progressive discipline with employees, which includes written warnings prior to adverse actions such as a termination.

40. Plaintiff never received any written disciplinary action during his employment with Defendant.

41. Ms. Smith replaced Plaintiff with a female Student Advisor.

## IV.  CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION

42. Plaintiff incorporates by reference paragraphs 1-41 of his Complaint as if fully set forth herein.

43. Plaintiff is a member of a protected class by virtue of his gender.

44. Defendant was aware of Plaintiff's gender and treated him differently than female individuals who worked in the same position as Plaintiff.

45. Plaintiff suffered the adverse action of termination.

46. The circumstances of Plaintiff's termination establishes that the adverse action was discriminatory based on Plaintiff's gender.

47. Alternatively, the circumstances of Plaintiff's termination establishes that Plaintiff's gender served as motivation for the adverse action.

### COUNT II: TITLE VII RETALIATION

48. Plaintiff incorporates by reference paragraphs 1-41 of his Complaint as if fully set forth herein.

49. Plaintiff engaged in protected activity under Title VII.

50. Plaintiff was subjected to the adverse action of termination.

51. The temporal proximity between Plaintiff's protected activity and his termination supports an inference of causation.

### COUNT III: TITLE IX DISCRIMINATION

52. Plaintiff incorporates by reference paragraphs 1-41 of his Complaint as if fully set forth herein.

53. Plaintiff is a member of a protected class by virtue of his gender.

54. Defendant was aware of Plaintiff's gender and treated him differently than female individuals who worked in the same position as Plaintiff.

55. Plaintiff suffered the adverse action of termination.

56. The circumstances of Plaintiff's termination establishes that the adverse action was discriminatory based on Plaintiff's gender.

57. Alternatively, the circumstances of Plaintiff's termination establishes that Plaintiff's gender served as motivation for the adverse action.

## COUNT IV: TITLE IX RETALIATION

58. Plaintiff incorporates by reference paragraphs 1-41 of his Complaint as if fully set forth herein.

59. Plaintiff engaged in protected activity under Title IX.

60. Plaintiff was subjected to the adverse action of termination.

61. The temporal proximity between Plaintiff's protected activity and his termination supports an inference of causation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII and Title IX; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 24th day of July, 2023.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        /s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 24th day of July, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*