THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1181-BO-BM

| | |
|---|---|
| JEREMY MORRIS, | ) |
| Plaintiff | ) ) ) |
| v. | ) **REPORT OF THE PARTIES'** ) **PLANNING MEETING** ) Fed. R. Civ. P. 26(f) |
| UNIVERSITY OF NORTH CAROLINA AT WILMINGTON, | ) ) ) ) |
| Defendant | ) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on November 7, 2023 via e-mail exchanges: Alexander C. Kelly, Kirby G. Smith Law Firm, representing the Plaintiff; and Adrina G. Bass, Special Deputy Attorney General, and Kari R. Johnson, Special Deputy Attorney General, North Carolina Department of Justice, representing the Defendant.

2. Initial Disclosures. The Parties agree that they will exchange the information required by Rule 26(a)(1) by or on <u>December 15, 2023</u>.

3. Discovery Plan. The Parties propose this discovery plan:

   (a) Discovery will be needed on these subjects:

   1. Plaintiff's claims and the factual basis for each;

2. Defendant's defenses and the factual basis for each;

3. Relevant documentation supporting Plaintiff's claims and Defendant's defenses;

4. Plaintiff's damages; and

5. Discovery and depositions of potential witnesses and experts.

(b) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery:

1. The Parties agree that all discovery may commence upon the entry of a scheduling order by the Court and shall be completed by <u>September 13, 2024</u>.

(c) Maximum of thirty (30) interrogatories per Party – due in the time allowed by the Federal Rules of Civil Procedure unless extended by agreement of the Parties, or by the Court.

(d) Maximum of twenty (20) requests for admissions per Party – due in the time allowed by the Federal Rules of Civil Procedure unless extended by the Parties, or by the Court.

(e) Maximum of eight (8) depositions per Party, inclusive of named Parties and experts. Each Party reserves the right to request an order from the Court to take additional depositions, or to depose additional witnesses upon agreement of the Parties based on

discovery. If a Party requests additional depositions with the Court, the requesting Party must first consult with the opposing counsel and the result of the consultation with opposing counsel must be stated in the motion.

(f) Each deposition is limited to a maximum of seven (7) hours unless extended by agreement of the Parties, or by order of the Court:

(g) Dates for exchanging reports of expert witnesses:

    1. Plaintiff shall identify experts and serve expert reports as required by Fed. R. Civ. P. 26(a)(2) on or before April 3, 2024.

    2. Defendant shall identity expert witnesses and serve expert reports as required by Fed. R. Civ. P. 26(a)(2) on or before May 24, 2024.

(h) Supplementations under Rule 26(e) shall be in accordance with the Federal Rules of Civil Procedure.

(i) Electronically Stored Information:

    1. To the extent any such information exists and is discoverable, the Parties agree that the discoverable electronically stored information will be produced in the form in which the information is ordinarily and customarily

3

Case 7:23-cv-01181-BO-BM   Document 12   Filed 11/17/23   Page 3 of 9

maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

2. If a Party alleges that electronically stored information or data is not reasonably accessible because it would result in undue burden or cost to that Party then that Party shall provide an explanation to the other Party on why the production of the information or data is burdensome or costly. If the Party requesting the information still insists on its production, the Parties shall attempt to reach an agreement on retrieving such data prior to bringing a motion to compel with the Court.

(j) Privileged and Confidential Information:

1. Privileged Information: In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege. The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the

production or disclosure promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information. In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

2. Confidential Information: The Parties have discussed certain issues relating to the disclosure of documents and information which may be confidential and/or protected from disclosure by law such that said information may only be produced by order of the Court. As to this information, the Parties agree that they will file a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c) prior to the

disclosure of any confidential information. The Parties reserve the right to move for a Protective Order with regard to the production of any confidential information in the event that the Parties are not able to agree on a consent protective order.

4. Other Items:

   (a) The Parties do not request a conference with the Court before entry of the scheduling order.

   (b) The Parties request a pretrial conference thirty (30) days after the Court rules on dispositive motions if such motions are filed, or thirty (30) days prior the trial date, whichever is first.

   (c) Plaintiff may have until January 17, 2024 to amend the pleadings or join additional parties.

   (d) Defendant may have until February 17, 2024 to amend the pleadings or join additional parties.

   (e) Dispositive motions are to be filed on or within thirty (30) days from the close of discovery, unless extended by the Court.

   (f) Settlement cannot be evaluated prior to discovery. The Parties will be in a better position to evaluate settlement near the end of discovery.

(g) The Parties agree to mediate this case prior to the close of discovery. The Parties have selected Ken Carlson as the mediator for this case. The Parties will file a notice of designation of mediator with the Court.

(h) The Parties agree that Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists will be due thirty (30) days prior to trial.

(i) Unless ordered otherwise by the Court, the Parties shall have fourteen (14) days after service of the final lists of witnesses, designation of witnesses whose testimony will be presented by deposition, and exhibits to serve objections under Rule 26(a)(3).

j) The Parties suggest that the trial in this case be scheduled ninety (90) days after a ruling by the Court on dispositive motions, if dispositive motions are filed. If no dispositive motions are filed, the Parties request that the trial be scheduled ninety (90) days from the deadline for the filing dispositive motions. The trial of this action is expected to take approximately four (4) to five (5) days.

(k) Other matters: None at this time.

Submitted the 17th day of November, 2023:

THE KIRBY G. SMITH LAW FIRM

/s/ Alexander C. Kelly
Alexander C. Kelly
N.C. Bar. No. 49308
111 N. Chestnut St., Suite 200
Winston-Salem NC 27101
F: (704) 729-4287
F: (877) 352-6253
E-mail: ack@kirbygsmith.com

*Attorney for Plaintiff*


JOSHUA H. STEIN
Attorney General

/s/ Adrina G. Bass
Adrina G. Bass
Special Deputy Attorney General
N.C. State Bar No. 39521
E-mail: abass@ncdoj.gov

/s/Kari R. Johnson
Kari R. Johnson
Special Deputy Attorney General
N.C. State Bar No. 16033
E-mail: kjohnson@ncdoj.gov


North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
T: (919)-716-6920
F: (919)-716-6764

8

*Attorney for Defendant*